253 F.2d 785
 The CONNECTICUT ADAMANT PLASTER COMPANY, Libelant-Appellee,
v.
JAMES McWILLIAMS BLUE LINE, Inc., Respondent-Appellee, and
National Gypsum Company, Respondent-Impleaded-Appellee, and
Charlotte F. Jacobus and F. Jacobus Transportation Company,
Inc., Respondents-Impleaded-Appellants.
Charlotte F. JACOBUS, as owner, and F. Jacobus
Transportation Company, Inc., as Charterer in
Possession of THE Scow LOUISE,
Liabelants-Appellants,
v.
JAMES McWILLIAMS BLUE LINE, Inc., Respondent-Appellee, and
National Gypsum Company, Respondent-Impleaded-Appellee.
 Nos. 295, 296, Dockets 24607, 24608.
 United States Court of Appeals Second Circuit.
 Argued March 28, 1958.
Decided April 16, 1958.
 
 Christopher E. Heckman, of Foley & Martin, New York City (John J. McElhinny, of Foley & Martin, New York City, on the brief), for Charlotte F. Jacobus and F. Jacobus Transp. Co., Inc., appellants.
 Donald M. Waesche, Jr., of Bigham, Englar, Jones & Houston, New York City, for appellee Connecticut Adamant Plaster Co.
 Edmund F. Lamb, of Purdy, Lamb & Catoggio, New York City (Matthew E. Lawless, New York City, on the brief), for appellee National Gypsum Co.
 Martin J. McHugh, of Macklin, Speer, Hanan & McKernan, New York City (Leo F. Hanan, of Macklin, Speer, Hanan & McKernan, New York City, on the brief), for appellee James McWilliams Blue Line, Inc.
 Before CLARK, Chief Judge, and L. HAND and LUMBARD, Circuit Judges.
 PER CURIAM.
 
 
 1
 The casus belli here was the capsizing and sinking of the Scow Louise in Bridgeport Harbor after a trip down Long Island Sound from the Bronx and the loss of her cargo of crude gypsum rock destined for the Connecticut Adamant Plaster Company at New Haven. Connecticut Adamant sued the James McWilliams Blue Line as charterer of the Louise for loss of the cargo; and the Blue Line impleaded the loader, National Gypsum Company, and Jacobus, the scow owner. Jacobus sued the Gypsum Company and the Blue Line for damage to the scow. These admiralty libels were consolidated for trial and have been heard together on appeal. Three sources of liability were asserted: that the cargo was not properly trimmed and put the scow too much down by the starboard bow corner, and that the scow leaked; that the scow was towed bow first; and that she was unseaworthy when delivered by Jacobus. In findings and an opinion reported at D.C.S.D.N.Y., 149 F.Supp. 122, Judge Dawson accepted the latter view and dismissed the Jacobus libel, while entering an interlocutory decree in favor of Connecticut Adamant against Jacobus primarily and the Blue Line secondarily as bareboat charterer.
 
 
 2
 As is usual in these admiralty appeals on the facts, a vigorous attack is made on the findings of the judge as showing a complete lack of vision and understanding. But we are not impressed; on the contrary we think his opinion and findings show careful analysis and complete support in the record. It is difficult to find clearly erroneous the finding that the loading was not such as to make the scow unseaworthy in the face of testimony of Jacobus' own marine superintendent that he was called to inspect the loaded scow at the Gypsum Company plant in the Bronx and was satisfied to let her proceed on her trip. Judge Dawson rejected, as unworthy of belief, testimony by the bargee that the scow was shipping water over her bow and accepted the testimony of inspection which disclosed decayed area in the hull below deck through which daylight showed. And there was no compelling testimony which the judge had to accept which showed that the Blue Line was at fault for towing the scow bow first with a higher barge on her starboard side. We accept the opinion and findings of the trial judge and affirm thereon.
 
 
 3
 Affirmed.